IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Anthony Segarra,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Carson, et al.,<br><br>　　　　Respondents. | No. CIV 06-954-PHX-PGR (JCG)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Michael Anthony Segarra, who is presently confined in the Dakota Unit of the Arizona State Prison Complex in Yuma, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1) and Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer"). (Doc. No. 22.) Petitioner did not file a Reply. The Magistrate Judge recommends that the District Court deny the Petition.

### **FACTUAL AND PROCEDURAL BACKGROUND**

On July 10, 2002, Petitioner was convicted following a jury trial in Maricopa County Superior Court of aggravated assault and misconduct involving weapons. (Answer, Ex. H.) The jury found that the aggravated assault constituted a dangerous crime. (*Id.*) Following

1 the jury's verdict, Petitioner moved for a new trial on the ground that one of the jurors 2 provided false information during the jury selection process. (Answer, Ex. I.) The trial court 3 denied Petitioner's motion for a new trial and sentenced Petitioner to a term of 15 years' 4 imprisonment for the aggravated assault conviction and a term of 12 years' imprisonment for 5 the misconduct involving weapons conviction, with the terms to run consecutively. (Answer, 6 Ex. K.)

7 On February 13, 2003, Petitioner appealed his conviction, challenging only the trial 8 court's imposition of consecutive sentences. (Answer, Ex. L.)  On October 16, 2003, the 9 Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (Answer, Ex. N.) 10 Petitioner did not petition the Arizona Supreme Court for review of his convictions and 11 sentences; the Arizona Court of Appeals issued its order and mandate on December 22, 2003. 12 (Answer, Ex. O.)

13 On December 9, 2003, Petitioner filed a Notice of Post Conviction Relief ("PCR"). 14 (Answer, Ex. P.)  On January 21, 2004, Petitioner's court-appointed counsel filed a "Notice 15 of Completion" indicating that he could find no colorable claims to raise in a PCR petition. 16 (Answer, Ex. R.)  Petitioner filed a *pro per* Petition for Post Conviction Relief pursuant to 17 Rule 32, Ariz. R. Crim. P., on February 12, 2004 ("Rule 32 Petition"). (Answer, Ex. S.) 18 Petitioner presented six claims in his Rule 32 Petition: (1) Petitioner received ineffective 19 assistance of counsel because his trial counsel failed to inform Petitioner about the status of 20 a matter, failed to comply with requests for information and failed to object at trial regarding 21 evidence introduced by the state,  (2) the state failed to disclose information to the defense 22 that would have mitigated the offense and the credibility of a witness, (3) state witness 23 Detective Dalton misrepresented facts during his testimony, (4) the trial court refused to 24 allow the defense to present evidence regarding the truthfulness of a witness, (5) one of the 25 jurors provided false information during the jury selection process, and (6) one of the jurors 26 made an inappropriate comment during deliberations.  (*Id*.)   The trial court denied

27
28

Petitioner's Rule 32 Petition on May 27, 2004. (Answer, Ex. U.) Petitioner filed a motion for rehearing, which was denied. (Answer, Exs. V & W.)

On July 8, 2004, Petitioner filed a Petition for Review of the trial court's denial of his Rule 32 Petition in the Arizona Court of Appeals. (Answer, Ex. X.) In his Petition for Review, Petitioner presented a single claim: the trial court had no basis for denying Petitioner's Rule 32 Petition other than prejudice against Petitioner, and therefore Petitioner should be granted a new trial. (*Id.*) The Arizona Court of Appeals denied review on June 17, 2005. (Answer, Ex. Y.)

On April 4, 2006, Petitioner filed his Petition for Writ of Habeas Corpus in federal court.[1] (Doc. No. 1.) Petitioner's Petition presents three claims for relief:

1. **Ground 1:** Petitioner's Sixth Amendment right to a fair trial was violated when one of the jurors provided false information during the jury selection process, and one of the jurors made an inappropriate comment during deliberations;

2. **Ground 2:** Petitioner was denied due process when the trial judge, acting with bias against Petitioner, sentenced him to consecutive, rather than concurrent, terms;

3. **Ground 3:** Petitioner received ineffective assistance of counsel when (a) trial counsel did not litigate to the best of his ability, (b) trial counsel did not call certain witnesses to testify, (c) trial counsel did not keep Petitioner informed of all the elements of his case, and (d) trial counsel refused to file a motion when Petitioner said he wanted new counsel.

(Petition, pgs. 5-7.)

## **DISCUSSION**

The Magistrate recommends that the Petition be denied because Petitioner has failed to exhaust his state court remedies.

---

[1] Petitioner's federal Petition was dismissed for failure to pay the filing fee but was reinstated on April 25, 2007. (Doc. Nos. 6, 12.)

- 3 -

**A.     Legal Standard for Exhaustion**

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court.  28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  First enunciated in *Ex parte Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court."  *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).  The requirement is grounded in principles of comity, and reflects a desire to protect state courts' role in the enforcement of federal law.  *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation omitted).  The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court.  *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254.  *See Rose*, 455 U.S. at 519.  A petitioner must have also presented his claim in a procedural context in which its merits will be considered.  *See Castille*, 489 U.S. at 351.  A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways.  First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds.  *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."  *Id.* at 735 n.1.  If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional

issue to the state court, or makes a colorable showing of actual innocence. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**B.     Grounds**

**1.     Grounds 3(a), (b) and (d)**

Petitioner did not present Grounds 3(a), (b) or (d) in either his direct appeal or his Rule 32 proceedings and cannot raise those claims for the first time in federal court. Petitioner is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 from obtaining relief on Grounds 3(a), (b) or (d) in state court absent an applicable exception, which Petitioner does not assert. *See* Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). Thus, Grounds Grounds 3(a), (b) or (d) are technically exhausted but procedurally defaulted, absent a showing of cause and prejudice or a fundamental miscarriage of justice, which Petitioner does not assert. *See Coleman*, 501 U.S. at 749-50 (citations omitted; internal quotation marks omitted); *Thomas v. Goldsmith*, 979 F.2d 746, 749 (9th Cir. 1992). Accordingly, Grounds 3(a), (b) or (d) should be dismissed for failure to exhaust.

**2.     Grounds 1 and 3(c)**

Petitioner presented Grounds 1 and 3(c) in his Rule 32 petition but did not present them in his petition for review by the Arizona Court of Appeals of the trial court's denial of his Rule 32 petition, and therefore Grounds 1 and 3(c) were not properly exhausted. *See Rose*, 455 U.S. at 519 (stating that a petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254); *Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir. 1999) (stating that claim must be presented to the Arizona Court of Appeals in post-conviction proceedings in order to be exhausted).

- 5 -

### 3. Ground 2

In his state court appeal, Petitioner argued that he should have received concurrent, rather than consecutive, sentences, but his argument is based on a claim that his consecutive sentences violated A.R.S. § 13-116. (Answer, Exs. L & N.) Petitioner did not allege that he was denied due process when the trial judge, acting with bias against Petitioner, sentenced him to consecutive, rather than concurrent, terms. Because Ground 2 was not fairly presented in state court, it is not exhausted. *See Anderson*, 459 U.S. at 6 (holding that a claim is "fairly presented" if the petitioner has described the operative facts *and the federal legal theory* on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim).

## CONCLUSION

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 06-954-PHX-PGR.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 31st day of August, 2007.

_____
Jennifer C. Guerin
United States Magistrate Judge

- 6 -